```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                                  :
   CARLOS AQUINO,                                                 :
                                                                  :
                              Plaintiff,                          :
                                                                  :              17-cv-2465 (KBF)
              -v-                                                 :
                                                                  :              OPINION & ORDER
   EL GRAN VALLE II CORP.                                         :
   and EDWIN CORONADO,                                            :
                                                                  :
                              Defendants.                         :
                                                                  :
------------------------------------------------------------------X
```

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: November 9, 2017
```

KATHERINE B. FORREST, District Judge:

On April 5, 2017, plaintiff filed this action under the Fair Labor Standards Act ("FLSA") and New York Labor Law for defendants' alleged failure to pay the state and federal minimum wages, overtime, and New York's "spread of hours" premium, as well as their failure to provide accurate weekly wage statements as required by New York's Wage Theft Prevention Act. (Compl., ECF No. 1.) Pending before the Court is defendants' motion for summary judgment. (ECF No. 25.) The crux of that motion is that defendants are not covered entities under FLSA and thus cannot be sued for violating its provisions. For the reasons stated below, that motion is GRANTED.

I.  BACKGROUND[1]

Defendant El Gran Valle II Corporation is "in the food service business" and sells Latin cuisine to "local Bronx customers." (Pl.'s Rule 56.1 Counterstatement ¶

---

[1] The following facts are undisputed unless otherwise noted. See Fed. R. Civ. P. 56.

6.)  Plaintiff was employed by defendants from September 24, 2013 until March 29, 2017 as a cook's helper, maintenance person, and dishwasher.  (Decl. of Pl. Carlos Aquino Opp. Def.'s Mot. for Summ. J. ("Aquino Decl."), ECF No. 30-1, ¶ 2; see also Pl.'s Rule 56.1 Counterstatement ¶ 1.)  He worked six days per week: eight hours per day on Tuesdays, Wednesdays, Thursdays, and Fridays, and eleven hours per day on Saturdays and Sundays.  (Aquino Decl. ¶ 5.)  This amounts to fifty-four hours per week.  (Id. ¶ 6.)  Plaintiff was paid in cash, never received paystubs, and was not provided with a "time clock, sign in sheet, or any other method for employees to track their time."  (Id. ¶¶ 7-8, 12.)

From September 2013 until December 2014, plaintiff was paid $200 per week; from January 2015 until the end of his employment, he was paid $250 per week.  (Id. ¶ 9.)  Every second week, defendants deducted $35 from his pay, and every fourth week, they deducted an addition $50.  (Id. ¶ 9.)  Plaintiff was not paid overtime in any form.  (Id. ¶¶ 10-11.)

Plaintiff and defendants disagree on the restaurant's annual revenues.  Plaintiff "estimate[s] that sales each week totaled $15,000 to $20,000."  (Aquino Decl. ¶ 13.)  Plaintiff's assertion is conclusory and not supported by specific facts.  Counsel asserts that it is based on plaintiff's knowledge derived from performing his job responsibilities.  However, no facts in plaintiff's declaration support knowledge of amounts paid by customers.  Defendant claims its gross revenues were as follows: $53,686 in 201; $166,458 in 2014; $230,202 in 2015; and $255,684 in 2016.  (Pl.'s Rule 56.1 Counterstatement ¶ 4.)  As support, defendants submitted the

2

restaurant's tax returns from 2013-2016, which confirm these amounts. (ECF Nos. 25-3 ("2013 Tax Return"), 25-4 ("2014 Tax Return"), 25-5 ("2015 Tax Return"), 25-6 ("2013 Tax Return") (collectively, the "Tax Returns").) Each of the tax returns was signed by the president of the corporation and includes the information of the paid tax preparation firm that, presumably, prepared the forms.[2]  (2013 Tax Return at 1; 2014 Tax Return at 1; 2015 Tax Return at 1; 2016 Tax Return at 1.)

## II. PROCEDURAL POSTURE

Defendants' motion for dismissal of plaintiff's claims is based on an assertion that FLSA covers neither plaintiff nor defendant. (Mem. Supp. at 3.) From this, defendants conclude that the court is without subject matter jurisdiction. (Id.) As the Court noted in its order of October 17, 2017, it construes this motion as directed to both or either of an assertion that there is no subject matter jurisdiction and/or an assertion that plaintiff has not proven a required element for a FLSA claim. (ECF No. 31 at 1.)[3]

---

[2] All but the 2013 Tax Return include the preparer's signature as well. (2013 Tax Return at 1, 2014 Tax Return at 1, 2015 Tax Return at 1, 2016 Tax Return at 1.)

[3] The Supreme Court held in Arbaugh v. Y&H Corp. that the employee-numerosity requirement under Title VII goes to the substantive adequacy of a claim rather than federal-court subject matter jurisdiction. 546 U.S. 500, 504 (2006). Since then, courts in the Second Circuit have held that a defendant's claim that it is not covered by FLSA because its revenues do not exceed $500,000 goes to the merits, not subject matter jurisdiction. See, e.g., Monterossa v. Martinez Restaurant Grp., No. 11-cv-3698, 2012 WL 3890212, at *3 (S.D.N.Y. Sept. 7, 2012) ("[T]he question of whether or not Defendants actually are 'an enterprise engaged in commerce' within the meaning of 29 U.S.C. § 203(s)(1) is an issue that goes to the merits of Plaintiffs' claims rather than [to] the Court's subject matter jurisdiction." (quoting Velez v. Vassallo, 203 F. Supp. 2d 312, 332 (S.D.N.Y. 2002)); Jia Hu Qian v. Siew Foong Hu, No. 11-cv-5584, 2012 WL 1948820, at *2 (S.D.N.Y. May 30, 2012) (noting that whether a defendant is an "enterprise engaged in commerce" under FLSA "raises a merits—and not a jurisdictional—issue"); Padilla v. Manlapaz, 643 F. Supp. 2d 298 (E.D.N.Y. 2009) (citing Arbaugh and holding that "[t]he gross annual sales requirement is not jurisdictional because the plain language of the FLSA makes no reference to that requirement in jurisdictional terms"); Velez, 203 F. Supp. 2d at 330 ("A plaintiff's failure to make [a] showing [that a defendant is covered by FLSA] constitutes a failure on the merits. . . . Even if it were to be found that [defendant] is not an

III.   LEGAL STANDARDS

    A.   <u>Pleading Standard</u>

Summary judgment may be granted when a movant shows, based on admissible evidence in the record, "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  The moving party bears the burden of demonstrating "the absence of a genuine issue of material fact." <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986). In reviewing a motion for summary judgment, the Court construes all evidence in the light most favorable to the nonmoving party, and draws all inferences and resolves all ambiguities in its favor.  <u>Dickerson v. Napolitano</u>, 604 F.3d 732, 740 (2d Cir. 2010).  The Court's role is to determine whether there are any triable issues of material fact, not to weigh the evidence or resolve any factual disputes.  <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248-49 (1986).

A court may not grant summary judgment merely because a motion is unopposed.  <u>See</u> <u>Vermont Teddy Bear Co., Inc. v. 1-800 Beargram Co.</u>, 373 F.3d 241, 244 (2d Cir. 2004); <u>see also</u> Fed. R. Civ. P. 56(e) (stating that when a non-moving party fails to oppose a summary judgment motion, "summary judgment, if

---

"enterprise" within the meaning of the statute, this would not affect the Court's subject matter jurisdiction.  Other courts have similarly recognized that whether or not a defendant is statutorily excluded from coverage under the FLSA goes to the merits of the claims against it and not to the jurisdiction of the Court." (internal quotations and citations omitted)); <u>see also</u> <u>Nowak v. Ironworkers Local 6 Pension Fund</u>, 81 F.3d 1182, 1189 (2d Cir. 1996) ("[I]n cases where the asserted basis for subject matter jurisdiction is also an element of the plaintiff's allegedly federal cause of action, we ask only whether—on its face—the complaint is drawn so as to seek recovery under federal law or the Constitution.  If so, then we assume or find a sufficient basis for jurisdiction, and reserve further scrutiny for an inquiry on the merits.").

4

appropriate, shall be entered against" it).  Instead, the Court must examine record to determine if the moving party "has met its burden of demonstrating that no material issue of fact remains for trial."  See Vermont Teddy Bear, 373 F.3d at 244 (quoting Amaker v. Foley, 274 F.3d 677, 681 (2d Cir. 2001)).  "In doing so, the court may rely on other evidence in the record even if uncited."  Jackson v. Fed. Exp., 766 F.3d 189, 194 (2d Cir. 2014) (citing Fed. R. Civ. P. 56(c)(3)).  Even an unopposed motion for summary judgment fails "where the undisputed facts fail to 'show that the moving party is entitled to judgment as a matter of law.'"  Id. (quoting Champion v. Artuz, 76 F.3d 483, 486 (2d Cir. 1996)).

B. FLSA Coverage

FLSA mandates a minimum wage for employees, 29 U.S.C. § 206(a) (2012), and requires that covered employees receive overtime pay when they work more than forty hours per week, id. § 207.  FLSA is applicable when either an employer enterprise is covered or an individual employee is covered.  To establish enterprise coverage, the plaintiff must show that the entity has, inter alia, "annual gross volume of sales made or business done [of] not less than $500,000."  Id. § 203(s)(1)(A).

To establish individual coverage, the plaintiff must demonstrate that the employee "is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce."  Id. §§ 206-07 (emphasis added); see also Jacobs v. New York Foundling Hosp., 577 F.3d 93, 96 (2d Cir. 2009) (citing Tony & Susan Alamo Found. v. Sec'y of

Labor, 471 U.S. 290, 295 n.8 (1985)). "Employees are 'engaged in commerce' within the meaning of [FLSA] when they are performing work involving or related to the movement of persons or things (whether tangibles or intangibles, and including information and intelligence) among the several States or between any State and any place outside thereof." 29 C.F.R. § 779.103. Similarly, engagement in the "production of goods for commerce" requires that those goods are "intended for shipment out of the State, directly or indirectly." Id. § 779.104; see also Xelo v. Mavros, No. 03-cv-3665, 2005 WL 2385724, at *4 (E.D.N.Y. Sept. 28, 2005) ("The dispositive test for FLSA coverage asks whether a plaintiff was an employee in the channels of interstate commerce, as distinguished from [one] who merely affected that commerce. So, handlers of goods for a wholesaler who moves them interstate on order or to meet the needs of specified customers are in commerce, while those employees who handle goods after acquisition by a merchant for general local disposition are not." (citing McCleod v. Threlkeld, 319 U.S. 491, 494 (1943) (internal quotations omitted))).

IV. DISCUSSION

  A. Enterprise Coverage

Plaintiff has failed to raise a triable issue of fact, based on admissible evidence, that defendant's restaurant collects more than $500,000 in yearly revenues, as required for enterprise coverage. With its motion, defendant submitted its Tax Returns from 2013 through 2016. For each year, El Gran Valle II Corporation's gross receipts and sales were, in fact, less than $500,000. In the

highest-grossing year (2016), defendant made $255,684.  (2016 Tax Return at 1.)  Plaintiff's conclusory assertion that he estimates $15,000 to $20,000 in weekly sales is insufficient to rebut this evidence.  Plaintiff has proffered no facts suggesting any basis for this number.  It appears to be entirely speculation, plucked out of the air.  The Court would not allow such speculative testimony at trial, as it would lack adequate foundation.  Plaintiff cannot manufacture a material dispute of fact by simply declaring an estimate of the defendants' revenues.

Plaintiff, however, contends that "tax returns alone are not sufficient to establish an enterprise's gross sales as an undisputed fact."  (Mem. Opp. at 10.)  Plaintiff cites a number of cases in support of this proposition, but each one is distinguishable from the situation here.  In Rocha v. Bakhter Afghan Halal Kababs, Inc., for example, the court held that the tax returns were not reliable because three of five were not signed, and none were accompanied by an "affidavit from the tax preparer or from the owner of the business verifying the authenticity of the returns."  44 F. Supp. 3d 337, 348 (E.D.N.Y. 2014).  In Monterrossa v. Martinez Rest. Corp., the same was true and the tax returns were "inconsistent with [the] Defendants' own records—specifically, a handwritten log . . . ."  No. 11-cv-3689, 2012 WL 3890212, at *3 (S.D.N.Y. Sept. 7, 2012).  And in Chang Mei Lin v. Yeh's Bakery, Inc., No. 12-cv-2146, 2013 WL 867436, at *2 (E.D.N.Y. Mar. 7, 2013), and Amaya v. Superior Tile & Granite Corp., No. 10-cv-4525, 2012 WL 130425, at *4 (S.D.N.Y. Jan. 17, 2012), the courts based their holdings on the fact that the

defendants' tax returns were inconsistent with the plaintiffs' tax returns and the number of employees the defendant allegedly maintained.

Here, the tax returns were signed and prepared by a tax preparer, and defendants submitted an affidavit from defendant Coronado (the owner of El Gran Valle II Corporation), which stated the restaurant's yearly gross revenues, that they "filed [their] tax returns in a timely fashion," and that he had "filed taxes for the corporation for the years at issue." (Coronado Aff. ¶¶ 3-4; see also Tax Returns.) Plaintiff has not provided his own tax return for comparison, nor has he alleged how many people were employed by El Gran Valle II. He has offered no evidence, other than plaintiff's affidavit, to discredit the Tax Returns. As such, plaintiff has not adequately countered defendant's showing that it grossed less than $500,000 per year.

B. Individual Coverage

Nor has plaintiff shown that there is a material dispute of fact as to individual coverage. Plaintiff did not address this point in his opposition to defendant's motion to dismiss, and the Complaint states only that plaintiff "was an employee engaged in commerce and/or the production of goods for commerce, as defined in FLSA and its implementing regulations." (Compl. ¶ 19.) Defendant counters that plaintiff worked for a "local business selling Latin cuisine to the local Bronx community, and not for interstate commerce." (Mem. Opp. at 7; Aff. of Edwin Coronado ("Coronado Aff."), ECF No. 25-2, ¶ 4.)

8

In a similar case, the court held that a local restaurant that "cooked meals for patrons and sold take-out orders from a single location in the Bronx" was not in the channels of interstate commerce, even though three people living outside New York had purchased food there. Lamont v. Frank Soup Bowl, Inc., No. 99-cv-12482, 2001 WL 521815, at *2 (S.D.N.Y. May 16, 2001). As in Lamont, here, there is "no evidence that [El Gran Valle II] received any direct shipments of supplies from outside the State of New York. While it [may be] true that people who live outside of New York may have eaten food prepared at [El Gran Valle II], that fact alone cannot serve as evidence that [defendant] prepares the food for interstate commerce. If that were true, every hot dog vendor in New York would be engaged in producing goods for interstate commerce." Id., 2001 WL 521815, at *2. As such, the court concluded, the plaintiff in Lamont had not "engaged in conduct over which Congress chose to exercise jurisdiction." Id., 2001 WL 521815, at *3.

So too here. Plaintiff has offered no information to dispute defendant's assertion that his work as a cook's helper, maintenance person, and dishwasher did not involve interstate commerce. Notably plaintiff's declaration makes no statement as to any aspect of his work involving interstate commerce.[4] His Complaint states only the legal conclusion that plaintiff "was an employee engaged in commerce and/or the production of goods for commerce, as defined in the FLSA

---

[4] In Lamont, the plaintiff submitted evidence of at least three out-of-state patrons, 2001 WL 521815, at *1, and it was still insufficient to establish coverage. Here, plaintiff has not even made this showing.

9

and its implementing regulations." (Compl. ¶ 19.) As such, the Court cannot conclude that FLSA applies to this dispute through individual coverage, either.

V. CONCLUSION

For the foregoing reasons, defendants' motion for summary judgment is GRANTED.[5] The Clerk of Court is directed to terminate the pending motion at ECF No. 25, and to terminate this action.

SO ORDERED.

Dated:     New York, New York
           November 9, 2017

                                    _____
                                         KATHERINE B. FORREST
                                         United States District Judge

---

[5] The Court declines to exercise supplemental jurisdiction over the remaining state law claims.